UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JULIA EMILIA MARTINEZ, | |
| Appellant, | Civil No. 12-1044 (JAF) |
| v. | (Rel. Case (B) 11-6896) |
| SCOTIABANK DE PUERTO RICO, | |
| Appellee. | |

**O R D E R**

This matter comes to us as an appeal from the bankruptcy court. (Docket Nos. 1; 7.) As both parties agree, (Docket Nos. 7; 14 at 6), we have jurisdiction pursuant to 28 U.S.C. §158(a)(1). See In Re Calore Exp. Co., 288 F.3d 22, 34 (1st Cir. 2002) ("grants of a motion for relief from an automatic stay [are] final within the meaning of 28 U.S.C. §158(a)(1)" if they resolve all of the issues between the parties). For the following reasons, we deny Appellant the relief she seeks and affirm the judgment of the bankruptcy court.

We provide a brief sketch of the relevant facts and proceedings in the bankruptcy court. A fuller description of those facts can be found in the docket for the bankruptcy case. (Bankr. No. 11-6896 at Docket No. 23.) In 2006, Appellant, Julia Emilia Martínez-Rivera, obtained two commercial loans from Appellee, Scotiabank ("Scotiabank"). (Docket No. 14 at 8.) When Appellant fell behind on her scheduled loan payments, Scotiabank initiated foreclosure and collection proceedings in Puerto Rico's Commonwealth courts. (Id.) Appellant then filed for protection under federal bankruptcy laws, effectively staying the collection proceedings. (Id.) Scotiabank then filed a motion for relief from automatic stay, pursuant to 11 U.S.C. § 362. (Id. at 9.)

Civil No. 12-1044 (JAF)                                                                                                          -2-

On November 8, 2011, the bankruptcy court held a hearing on Scotiabank's motion for relief from automatic stay. (Id. at 10.) Appellant presented various arguments opposing Scotiabank's motion for relief. (Id.) Appellant's main argument was that the documents provided by Scotiabank in support of its motion did not comply with various requirements under Puerto Rico law, because the documents were not originals and lacked the proper stamps. (Docket No. 16 at 5.) Appellant also argued that reference should be withdrawn from the bankruptcy court on this issue, citing the Supreme Court case of Stern v. Marshall, 131 S.Ct. 2594 (2011). (Id. at 5.) Appellant filed a "Motion [for] Withdrawal of Reference and Reply to Motion Under 11 U.S.C. 362," as well as a motion to stay proceedings. (Docket Nos. 1-8; 1-9.) The bankruptcy court granted Scotiabank's motion for relief from stay, and in two later orders, denied the "motion to withdraw reference" and the motion to stay proceedings. (Docket Nos. 1-3; 1-13.)

Appellant then filed an appeal in our court. (Docket No. 7.) Appellant argues that the bankruptcy judge erred by denying the motion to withdraw reference. Appellant asks that we reinstate a stay of all proceedings while we consider the motion to withdraw reference. (Id. at 11-12.) For the following reasons, we deny Appellant the relief she seeks and affirm the judgment of the bankruptcy court.

First, we note that under Local Rule 5011(a) of the Bankruptcy Court, there are several procedural requirements a party must fulfill when filing a motion to withdraw reference. That Rule provides:

> A motion for withdrawal of reference must be filed with the Clerk of the Bankruptcy Court, must indicate that the filer seeks relief from the United States District Court, and must contain the required response time language specified in LBR 9013-1(h). The motion must be accompanied by a properly completed

Civil No. 12-1044 (JAF) -3-

United States District Court cover sheet, the prescribed filing fee, and a certificate of service.

Loc. Bankr. R. 5011(a) (2007). Here, it appears that Appellant failed to comply with each of these requirements. Rather than filing a separate motion for withdrawal of reference pursuant to this Rule, Appellant presented his arguments as a defense to Scotiabank's request for relief from stay. (Docket Nos. 1-8; 14 at 16.) This procedural failure alone would be enough to deny Appellant's lame attempt to withdraw reference.

Nor did the bankruptcy court err by refusing to stay the proceedings. The clear language of Local Bankruptcy Rule 5011(b) provides that "the filing of a motion to withdraw reference does not stay proceedings in the Bankruptcy Court. The procedures relating to stay shall be those set forth in Fed. R. Bankr. P. 5011." Fed. R. Bank. P. 5011(c), in turn, states that "[t]he filing of a motion for withdrawal of a case . . . shall not stay the administration of a case or any proceeding therein." Fed. R. Bank. P. 5011(c). Therefore, the bankruptcy court was correct to rule on Scotiabank's request for relief from stay without staying the proceedings.

Even assuming that we could overlook the procedural errors in Appellant's motions, her substantive arguments are also fatally flawed. The law governing withdrawal of reference simply does not tip in Appellant's favor.

A district court "may withdraw, in whole or in part, any case or proceeding referred under this section, . . . on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Other courts in this circuit have emphasized that withdrawal "is an exception to

Civil No. 12-1044 (JAF)                                                                                                      -4-

the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal [is] essential to preserve a higher interest." In re Dooley Plastic Co., 182 B.R. 73, 90-81 (D. Mass. 1994). "Withdrawal, even discretionary withdrawal, is permitted in only a limited number of circumstances." United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992). The burden is on the party seeking withdrawal to make a "clear showing of cause." Id. "And with respect to 'core' bankruptcy matters, the party seeking withdrawal must 'overcome' the 'presumption that bankruptcy courts, and not district courts, should determine core matters.'" Kelley v. JPMorgan Chase & Co., 464 B.R. 854, 861 (D. Minn. 2011) (quoting Abondolo v. GGR Holbrook Medford, Inc., 285 B.R. 101, 112 (E.D.N.Y. 2002)).

We are not aware of any binding First Circuit authority on the question of what constitutes "cause" under 28 U.S.C. §157(d). Nor have the parties pointed us to any. The Fifth and Eleventh Circuits have suggested that courts consider the goals of judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, expediting the bankruptcy process, and conserving debtors' and creditors' resources. Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); accord In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 n.5 (11th Cir. 1991). The Second Circuit has said that the most important consideration is "whether the claim is core or non-core." In re Burger Boys, 94 F.3d 755, 762 (2d Cir. 1996).

In this case, nearly all of the above factors point decisively against withdrawal. The matter that Appellant argues should be withdrawn—an attempted modification of the bankruptcy court's automatic stay, pursuant to 11 U.S.C. § 362—is without question a "core

Civil No. 12-1044 (JAF) -5-

proceeding" under 28 U.S.C. § 157(b)(2)(g). Withdrawing reference on such a routine and "core proceeding" of the bankruptcy court would inject needless delay, uncertainty and redundancy into the administration of bankruptcy litigation in this district. Denying Appellant's motion for withdrawal will promote judicial economy, uniformity, efficiency, and will discourage forum shopping.

On the other side of the ledger, we can think of no good reason to withdraw reference on this issue. Tellingly, Appellant has failed to advance any good reason of her own. The only argument made in Appellant's brief is that under Stern v. Marshall, 131 S.Ct. 2594 (2011), she is entitled to a district court hearing her claim. (Docket Nos. 7 at 11; 16 at 5.) Appellant is mistaken. In Stern, the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Id. at 2620. In other words, "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." Id. at 1618. In Stern, the "action at issue" was an independent state law tort claim that the bankruptcy court need not have addressed. Id.

In this case, the situation could hardly be more different. Unquestionably, a bankruptcy court's decision whether to grant relief from an automatic stay "stems from the bankruptcy process itself." Stern, 131 S.Ct. at 2618. Indeed, a bankruptcy court is granted this authority explicitly by statute in 11 U.S.C. § 362. Nor is there any danger of the bankruptcy court having prejudiced Appellant's rights under Puerto Rico common law. As the bankruptcy court itself stated, the Appellant remains free to present her arguments under Puerto Rico law at the appropriate time, during the foreclosure proceedings in Puerto Rico's

Civil No. 12-1044 (JAF) -6-

commonwealth courts. (See Hearing Tr., Docket No. 1-7 at 11.) Therefore, any attempts to link this case to the holding in Stern are mistaken.

We reject Appellant's attempt to challenge this routine and plainly constitutional exercise of the bankruptcy court's authority. This case, thus, fits squarely with several other cases that have been resolved in the wake of Stern. See In Re DiVittorio, 670 F.3d 273, 282 n.4 (1st Cir. 2011) (holding that Stern did not change a bankruptcy court's authority to decide questions impacting whether to grant relief from automatic stay); In Re Garcia, 471 B.R. 324, 329 (Bankr. D.P.R. 2012) (holding that Stern does not change bankruptcy court's authority to decide "fundamental core procedures" of bankruptcy court).

## Conclusion

For the foregoing reasons, the ruling of the bankruptcy court is **AFFIRMED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of November, 2012.

                                               s/José Antonio Fusté
                                               JOSE ANTONIO FUSTE
                                               United States District Judge